*COLUMBIANA COUNTY—DECEMBER
TERM, 1817.*

PRESENT—TAPPAN, *President;* SMITH, BROWN AND BOWMAN, *Associates.*

## CAROTHERS vs. SCOTT & WATT.

Where it appears, by the plaintiff's own shewing, that the defendant acted as a judicial
officer, it will be sufficient for him that the acts done, are within his jurisdiction.
If a judge, or justice of the peace, has been imposed on to receive insufficient bail, he
may arrest again, and hold to better bail.
Justice may appoint a constable, who, though not bound to serve, will be justified by
the warrant.

TRESPASS—assault, battery, and false imprisonment.

PLEAS—not guilty, with notice of justification.

On trial, the evidence for the plaintiff was, that the defendant, Scott, was a justice of the peace in the town of New Lisbon, in said county, and that one John Scott made complaint to him, on oath, against the plaintiff, charging him with having uttered and published certain counterfeit bank notes. Upon which complaint, Scott the magistrate, issued a warrant against the plaintiff, upon which he was taken and brought before him. The justice examined into the affair, and ordered the plaintiff to give security for his appearance at the next term of the court of common pleas: the plaintiff offered A. B. C. D. & E. F. (who were present) as bail; they were accepted by the justice, and the plaintiff was discharged from arrest. One or two days afterwards, the justice issued another warrant against the plaintiff directed to the defendant, Watt, (who was not a constable) to be served and returned. Watt took the plaintiff and brought him before the justice, who then informed him that the security he had given was insufficient, the persons who were bail being, none of them, men of property, and that he must give other sufficient bail for his appearance at court. The plaintiff, declining to give other bail, was committed to prison; the next day he gave bail to the satisfaction of the justice,

COLUMBIANA. and was discharged. Having proven these facts, the
December 1817 plaintiff rested his case.

Carothers
_v._
Scott & Watt.    LAIRD and POTTER, for the defendants, moved for a
non-suit, and cited Hawk. Pl. Co. Book 2d, ch. 13, sec. 27.

GOODENOW and WRIGHT, contra.

PRESIDENT.—The law does not presume that one citizen has any
authority to arrest another; and hence the general rule is, that the
defendant must shew his authority for arresting or imprisoning, in
actions of this kind. I think this case, on the evidence, an exception
to the rule, for what necessity is there for putting the defendant to
prove a fact already established by the plaintiff's evidence? The
plaintiff has proven that the defendant, Scott, was an acting justice of
the peace; this is sufficient to charge him as a justice, if such were the
form of action. But can it be considered by the court, as a fact
proven in the case? If this action were attempted to be sustained on
the ground of usurpation, or that these defendants were pretending to
act, the one as a justice of the peace, and the other as a constable, and
so committed the trespass complained of, there would be reason and
propriety in adhering to the rule requiring them to shew their author-
ity—but the ground on which the suit is placed, is not, that the
defendant, Scott, is not a justice; but that, being a justice, duly com-
missioned and qualified, he was guilty of such an excess of jurisdiction,
as renders him liable in this action. It is not the first arrest that is
complained of, but the second; this is evident, not from the declara-
tion, for that is general, but from the case made by the plaintiff's
counsel. By holding the defendant, Scott, to shew that he acted in a
judicial capacity, we should require proof of a fact not disputed, but for
the purpose of resisting this motion, proof of a fact which is not,
indeed, in dispute between the parties. It is contended, on behalf of
the plaintiff, that the justice was guilty of an excess of jurisdiction, in
causing the plaintiff to be re-arrested, and committing him until he
gave other security; and that the defendant, Watt, acted by an
authority which was void in law.

If a justice of the peace is satisfied, on examination of the evi-
dence in a criminal prosecution, that there are probable grounds
to believe the person charged is guilty, it is his duty to commit
such person to prison, unless he gives good security in such sum
as the justice may order, conditioned to appear at the next court

of common pleas—he should ascertain the sufficiency of the security offered; should, if necessary, examine, on oath, the bail offered; but, with all ordinary precaution, a pauper may be imposed on him as a man of substance. What is he to do in such case? A man, charged with arson, robbery, or burglary, all bailable offences, against whom the circumstances are strong and the evidence positive, has procured himself to be liberated, on bail who are not worth a cent. Is public justice to be thus fraudulently eluded? I should think not; but that, as soon as the magistrate discovers the imposition, he should cause the person charged, to be brought again before him, and hold him to give sufficient security. The magistrate must, of necessity, exercise this power. If the books were entirely silent, I should not entertain a doubt on the subject; but the authority which has been read, is direct and clear as to this point.

COLUMBIANA. Decen ber 1817

Carothers v. Scott & Watt.

The defendant to whom the warrant was directed, was not a constable, and was not, therefore, obliged to execute it; but he might execute it if he pleased, and if he did so, he is justified by it, for a justice of the peace has power to appoint a constable to execute his process, when there is none whose services he can require.

It has been urged, that the conduct of the magistrate was improper, was oppressive and malicious; if it was so, he is answerable in another form of action, not in this. If he had jurisdiction of the subject matter, and of the person, it is an answer to this suit; we have seen that he had both. The defendant's motion must, therefore, prevail.

*Plaintiff non-suited.*